UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 3069



------------------------------------X

MIDLAND INNOVATIONS, NV,

          Plaintiff,

-against-

WEILAND INTERNATIONAL, INC., and
WEN WANG,

          Defendants.

------------------------------------X

**COMPLAINT**

**Trial by jury is demanded.**

Plaintiff, Midland Innovations, NV ("Midand"), as and for its complaint against Defendants, Weiland International Inc., ("WEI") and Wen Wang ("Wang") alleges, upon information and belief, as follows:

### PARTIES

1. Midland is a corporation with an address of the Netherlands, Antilles.

2. On information and belief, WEI is a corporation of the State of New Jersey, with an address of 285 Penns Way, Basking Ridge, New Jersey 07920.

3. On information and belief, Wang is an individual with an address of 285 Penns Way, Basking Ridge, New Jersey 07920.

## JURISDICTION AND VENUE

4.   The jurisdiction of this Court arises under 28 U.S.C. §1331 and U.S.C. §1338(a).

5.   Venue is proper in this district pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400(b), for the reasons, inter alia, that a substantial part of the events or omissions giving rise to the claims occurred in this district, the defendant does business in this district and has committed acts of infringement in this district.

## GENERAL ALLEGATIONS

6.   On December 28, 1999, US Letters Patent No. D418,166 entitled Sheet Holder (the "166 Patent" was duly and legally issued. (Exhibit A)

7.   The "166" patent was duly assigned to Midland.

8.   At all relevant times herein Midland has been the owner of all right, title and interest in and to the "166" Patent.

9.   Pursuant to 35 U.S.C. §282, the "166" Patent is presumed to be valid.

10.  Wang and WEI, are patent infringers as defined by 35 U.S.C.§ 271, having already infringed and, upon information and belief, are infringing and inducing infringement of the claim of the "166" Patent by making, using, and selling products as claimed in this patent. (Pictures

of the infringing item are included as Exhibit B.)

11. Midland had notified Defendants of its Patent, in accordance with 35 U.S.C. §287.

12. Defendants infringement has been willful, deliberate and intentional.

13. Defendants have unjustly profited from its infringement of the Patent, and has caused Midland to lose profits Midland would have made, but for Defendants' infringement.

## FIRST CLAIM FOR RELIEF

( Patent Infringement in Violation of 35 U.S.C. §271 )

14. Plaintiff realleges and incorporates by reference, as if fully set forth herein, paragraphs 1 through 13 of this complaint.

15. The above-described acts of Defendants constitute infringement of the "166" Patent under 35 U.S.C. §271.

16. As a direct consequence of Defendants' infringement, Plaintiff has sustained damages

**WHEREFORE**, Plaintiff demands entry of judgment as follows:

(a) A declaration that the above U.S. Patent is valid and enforceable;

(b) A declaration that Defendant(s) directly infringed and/or induced infringement of one or more claims of the patent;

( c ) A permanent injunction to prevent Defendant(s), their successors, and assigns, and all persons or entities acting on behalf of, in privity with, or acting in concert with Defendant(s) from engaging in conduct which infringes the above patent, pursuant to 35 U.S.C. §283;

(d) Judgment requiring Defendant(s) to pay Plaintiff damages under 35 U.S.C. §289, and that Defendant(s) willfully infringed the above patent and are required to pay Plaintiff treble damages of more than $6,000,000;

(e) A declaration that this is an exceptional case, pursuant to 35 U.S.C. §285, and that Plaintiff be awarded attorney's fees, costs and expenses; and

(f) An award of such other and further relief, as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable by jury.

Dated: March 18, 2005         STEPHEN E. FELDMAN, P.C.
                              Attorneys for Plaintiff

                              By: _____
                              Kenneth Feldman (KF-6003)
                              Robert H. Morse (RM-1613)
                              12 E. 41st St.
                              New York, NY 10017
                              Tel: 212.532.8585

4

Fax: 212.532.8598



US00D418166S

## United States Patent [19]
### Dill

[11] Patent Number: **Des. 418,166**
[45] Date of Patent: ** **Dec. 28, 1999**

[54] SHEET HOLDER

[76] Inventor: **Etienne Dill**, 28, Rue Mehul, 93500 Pantin, France

[**] Term: **14 Years**

[21] Appl. No.: **29/069,237**

[22] Filed: **Mar. 17, 1997**

[30]   Foreign Application Priority Data

Mar. 11, 1997 [FR] France ............... 97 1453

[51] LOC (6) Cl. ............................................. **19-02**
[52] U.S. Cl. ............... **D19/88**; D19/90; D19/91; D6/310
[58] Field of Search ............ D6/300, 310; 40/124.01; D19/35, 36, 41–51, 53–58, 81–85, 86, 88, 90, 91, 95, 99, 100; 248/441.1, 442.2, 450, 451, 453, 910, 473

[56]   **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 48,746 | 3/1916 | Foster | D6/310 |
| D. 101,143 | 9/1936 | Shank | D6/310 |
| D. 181,114 | 10/1957 | Turner | D19/51 X |
| D. 407,440 | 3/1999 | Vanlandingham, Jr | D19/88 |
| 1,630,373 | 5/1927 | Combs | 248/473 |
| 2,497,418 | 2/1950 | Schroeder, Jr | D19/36 X |
| 2,832,176 | 4/1958 | Vergeer | 40/124.01 |
| 4,125,243 | 11/1978 | Lijstak | 248/473 |

FOREIGN PATENT DOCUMENTS

59-24383   2/1984   Japan

*Primary Examiner*—Martie K. Holtje
*Attorney, Agent, or Firm*—Greenblum & Bernstein, P.L.C.

[57]   **CLAIM**

I claim the ornamental design for a sheet holder, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a sheet holder, showing my new design;
FIG. 2 is a front elevation view thereof;
FIG. 3 is a rear elevation view thereof;
FIG. 4 is a right side elevation view thereof;
FIG. 5 is a left side elevation view thereof;
FIG. 6 is a bottom plan view thereof; and,
FIG. 7 is a top plan view thereof.

**1 Claim, 1 Drawing Sheet**





**U.S. Patent**     Dec. 28, 1999     **Des. 418,166**

Fig. 1

Fig. 2

Fig. 3

Fig. 4

Fig. 5

Fig. 6

Fig. 7











